Abraham J. Colman (SBN 146933)
acolman@reedsmith.com
Felicia Y. Yu (SBN 193316)
fyu@reedsmith.com
Amir Shlesinger (SBN 204132)
ashlesinger@reedsmith.com
Janet M. Lee (SBN 251518)
jmlee@reedsmith.com
REED SMITH LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone:   213.457.8000
Facsimile:   213.457.8080

Attorneys for Defendant
FIA Card Services, N.A.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE KNELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ENCORE RECEIVABLE MANAGEMENT, INC., AND FIA CARD SERVICES, N.A.,<br><br>Defendants. | Case No.: 12-CV-00426 AJB(WVG)<br><br>**CLASS ACTION**<br><br>**DEFENDANT FIA CARD SERVICES, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Honorable Anthony J. Battaglia<br><br>Date:   November 30, 2012<br>Time:   1:30 p.m.<br>Location:   Courtroom 12<br><br>[Filed concurrently with Notice of Motion and Motion to Dismiss, Request For Judicial Notice, Order, and Notice of Party with Financial Interest] |

## TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................1
I. INTRODUCTION .................................................................................................................1
II. PROCEDURAL AND FACTUAL BACKGROUND ............................................................2
    A. Procedural History .......................................................................................................2
    B. Factual Background .....................................................................................................2
III. LEGAL ANALYSIS ............................................................................................................3
    A. Legal Standard For 12(b)(6) Motion On Amended Complaint ...................................3
    B. Plaintiff's First Cause Of Action For Violation Of Penal Code Section 630 et seq. Fails As A Matter Of Law ......................................................................................3
        1. Plaintiff's Claim Fails Because Plaintiff Does Not Allege Any Facts Regarding The Nature Or Circumstances Of The Call ..............................................3
        2. Plaintiff's Call With FIA Was A "Service-Observing" Call, Which Is Exempt From Section 632 ..........................................................................................5
        3. Plaintiff Fails To State A Claim Under Sections 631 Or 632.6 ...........................6
    C. Plaintiff's Claim For Common Law Invasion Of Privacy Fails For Lack Of A Reasonable Expectation Of Privacy And The Absence Of A Highly Offensive Intrusion .........................................................................................................................7
    D. Plaintiff's Negligence Cause Of Action Fails For Lack Of Duty ................................8
IV. CONCLUSION ....................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
   129 S.Ct. 1937 (2009)..................................................................................3

*Balistreri v. Pacific Police Dep't,*
   901 F. 2d 696 (9th Cir. 1988)......................................................................3

*Berry v. Webloyalty.com, Inc.,*
   2011 WL 1375665 (S.D. Cal. April 11, 2011)............................................7

*Castellanos v. JP Morgan Chase & Co.,*
   2009 WL 1833981 (S.D. Cal. June 23, 2009).............................................7

*Deteresa v. Am. Broadcasting Co. Inc.,*
   121 F.3d 460 (9th Cir. 1997).......................................................................4

*Faulkner v. ADT Sec. Servs., Inc.,*
   2011 WL 1812744 (N.D. Cal. May 12, 2011)............................................4

*Flanagan v. Flanagan,*
   27 Cal.4th 766 (2002).................................................................................4

*Friedman v. Merck & Co.,*
   107 Cal. App.4th 454 (2003).......................................................................8

*Hurrey-Mayer v. Wells Fargo Home Morg., Inc.,*
   2009 WL 3647632 (S.D.Cal. Nov. 4, 2009)...............................................7

*Membrila v. Receivables Performance Management, LLC,*
   2010 WL 1407274 (S.D. Cal. April 6, 2010).............................................6

*Miller v. Nat'l Broad. Co.,*
   187 Cal.App. 3d 1463 (1986)......................................................................7

*Montegna v. Yodle,*
   2012 WL 3069969 (S.D. Cal. July 27, 2012)...............................4, 5, 7, 8

*Peter W. v. San Francisco Unified School Dist.,*
   60 Cal. App. 3d 814 (1976).........................................................................8

*Quelimane Co. v. Stewart Title Guaranty Co.,*
   19 Cal. 4th 26 (1998)...................................................................................8

*Sajfr v. BBG Commc'n, Inc.,*
   2012 WL 398991 (S.D. Cal. Jan. 10, 2012)................................................6

*Thompson v. County of Alameda,*
   27 Cal. 3d 741 (1980)..................................................................................8

*Warren v. Fox Family Worldwide, Inc.,*
   328 F.3d 1136 (9th Cir. 2003), *cert denied,* 543 U.S. 1050 (2005)............3

*Weiner v. ARS National Services, Inc.,*
   2012 WL 3632025 (S.D. Cal. July 5, 2012)...............................................4

**Statutes**

Cal. Pen. Code § 632(a)......................................................................................3

Cal. Pen. Code § 632(c)......................................................................................3

Cal. Pen. Code § 632.6(a)...................................................................................6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Rules**

Fed. R. Civ. Proc. 12(b)(6) ...................................................................................................3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In her First Amended Complaint ("FAC"), Plaintiff Katie Knell ("Plaintiff") attempts to assert putative class action claims against Defendant FIA Card Services N.A. ("FIA") for alleged violation of Penal Code Section 630 *et seq.*, invasion of privacy, and negligence based on a telephone conversation with Plaintiff that FIA recorded without Plaintiff's knowledge or consent. Plaintiff does not include *any facts* in her FAC regarding the circumstances surrounding the call with FIA. For example, she does not allege the nature of the call, the content, or why she initiated the call. She does not even allege the nature of her relationship with FIA, if any. Rather, Plaintiff simply alleges in a conclusory manner that her call was "confidential."

As even a cursory review of the FAC demonstrates, Plaintiff's entire FAC and each claim therein fail because Plaintiff does not allege any facts to state a claim against FIA. Further, Plaintiff's claims suffer from the following additional defects:

- Plaintiff's first cause of action for violation of Penal Code Section 630 *et seq.* fails as a matter of law because Plaintiff did not have a reasonable expectation of privacy in her telephone conversations with FIA and the statute specifically exempts the type of call that took place in this case;

- Plaintiff's second cause of action for Invasion of Privacy fails as a matter of law because Plaintiff does not allege how FIA engaged in any "highly offensive" intrusion into her privacy;

- Plaintiff's third cause of action for negligence fails because Plaintiff does not allege what duty of care FIA owed to Plaintiff or how FIA allegedly breached any duty.

Therefore, for the reasons set forth more fully below, FIA respectfully requests that the Court dismiss Plaintiff's FAC.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. Procedural History

On June 25, 2012, FIA was added as a defendant to the FAC, in place of originally named defendant Encore Receivable Management, Inc. The FAC alleges claims for (1) Invasion of Privacy: Violation of Penal Code Section 630, *et seq.*; (2) Invasion of Privacy: Common Law; and (3) Negligence.

On August 22, 2012, FIA filed a Notice of Related Cases in order to have the following action transferred to this Court, given that essentially the same claims are being brought against the same defendant in that action: *Gloria White, individually and on behalf of other persons similarly situated v. FIA Card Services, National Association*, United States District Court, Southern District of California, Case no. 3:12-cv-02034-JM-MDD.

### B. Factual Background

Plaintiff alleges that on February 15, 2012, she had a telephone conversation with a representative of co-defendant Encore Receivables Management ("ERM"). FAC, ¶ 10. The call was initiated by Plaintiff. *Id.* at ¶ 10. ERM allegedly informed Plaintiff that she should call a telephone number, which Plaintiff subsequently learned belonged to FIA. *Id.* at ¶ 10. Plaintiff called FIA, and alleges that her telephone call was "recorded, monitored, and/or eavesdropped upon by Defendant" without her knowledge or consent. *Id.* at ¶ 10. Plaintiff does not allege why she called FIA nor does she allege the nature or circumstances of this call. *See id.* at ¶ 10. Instead, Plaintiff alleges in a conclusory manner that her conversation was "confidential in nature because they were regarding financial matters." *Id.* at ¶ 11. But, Plaintiff does not allege the actual substance of the conversation and, importantly, does not allege any pre-existing business relationship with FIA.

According to Plaintiff, FIA has a policy and practice of recording or monitoring telephone conversations with consumers. *Id.* at ¶ 12. Based on this allegation, Plaintiff brings a putative class action alleging that FIA violated Penal Code Section 630 *et seq.* and committed an invasion of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

privacy and negligence by allegedly recording telephone conversations without the knowledge or consent of the purported class members.

### III. LEGAL ANALYSIS

#### A. Legal Standard For 12(b)(6) Motion On Amended Complaint

A party may move to dismiss under Rule 12(b)(6) where the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). For the purposes of a Rule 12(b)(6) motion, the allegations of fact in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003), *cert denied*, 543 U.S. 1050 (2005). However, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by *factual allegations*." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (citations omitted) (emphasis added). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements" do not survive a motion to dismiss. *Id.* at 1949. Dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacific Police Dep't*, 901 F. 2d 696, 699 (9th Cir. 1988).

#### B. Plaintiff's First Cause Of Action For Violation Of Penal Code Section 630 *et seq.* Fails As A Matter Of Law

##### 1. Plaintiff's Claim Fails Because Plaintiff Does Not Allege Any Facts Regarding The Nature Or Circumstances Of The Call

California Penal Code Section 632 provides, in relevant part, that "[e]very person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic device...records the confidential communication" violates the statute. Cal. Pen. Code § 632(a). The term "confidential communication" includes only communication "carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties" and expressly excludes communications in which the parties "may reasonably expect that the communication may be overheard or recorded." Cal. Pen. Code § 632(c).

As the statute makes clear, a party's subjective expectation is not enough. The "[a]pplication of the statutory definition of 'confidential communication' turns on the reasonable expectations of the parties judged by an objective standard...." *Flanagan v. Flanagan*, 27 Cal.4th 766, 776-77 (2002) (requiring "objectively reasonable expectation" that conversation is not being recorded); *Deteresa v. Am. Broadcasting Co. Inc.*, 121 F.3d 460, 463 (9th Cir. 1997) (affirming grant of summary judgment and holding that a confidential communication is judged by an objective standard).

Here, Plaintiff's cause of action for violation of Penal Code Section 632 fails because Plaintiff has not alleged any facts establishing that FIA recorded a "confidential communication." At the pleading stage, courts determine whether a call is "confidential" within the meaning of Section 632 by considering whether the alleged circumstances surrounding the call would lead a reasonable person to expect that the call would not be overheard or recorded. *See Faulkner v. ADT Sec. Servs., Inc.*, No. 3:11-CV-00968, 2011 WL 1812744, *6 (N.D. Cal. May 12, 2011) (granting motion to dismiss because Plaintiff had "fail[ed] to allege any circumstance or present any argument to support an objectively reasonable expectation that the telephone call . . .would not be recorded, overheard, or monitored."); *see also Weiner v. ARS National Services, Inc.*, 12-CV-183, 2012 WL 3632025, *3 (S.D. Cal. July 5, 2012) (finding that "Plaintiff simply could not have had an objectively reasonable expectation of privacy based on these circumstances," including the brevity of the call and the fact that "Plaintiff and Defendant were complete strangers before the call took place"). *Id.* at *3.

In *Montegna v. Yodle*, No. 3:12-cv-00647, 2012 WL 3069969 at *3 (S.D. Cal. July 27, 2012), the Southern District of California dismissed plaintiffs' complaint on the grounds that plaintiffs had not alleged facts demonstrating that their calls were confidential within the meaning of the statute. According to the court:

> Plaintiffs have also failed to allege ***any facts*** regarding Plaintiffs' relationship with Defendant. Plaintiffs have failed to allege ***any facts*** regarding the circumstances surrounding the calls. Plaintiffs have failed to allege ***any facts*** regarding the content or nature of the calls. Plaintiffs have made the conclusory statement that the calls were confidential communications, but Plaintiffs have failed to allege

> sufficient facts to show that the calls were carried on in circumstances that reasonably indicate that Plaintiffs desired the communications to be confined to the parties.

*Id.* at *3 (emphasis added).

Like the *Montegna* plaintiff, Plaintiff here fails to allege any facts regarding the circumstances of her call with FIA. She does not allege the nature of her relationship with FIA, if any, or the content or nature of the call. Plaintiff does not even explain why she called FIA. Rather, like the plaintiff in *Montegna*, Plaintiff relies on a single conclusory statement that her conversation with FIA was "confidential in nature because they were regarding financial matters" (FAC ¶ 11), without any supporting factual allegations. *See generally* Complaint. This single conclusory allegation is insufficient to support a finding of a confidential communication within the meaning of the statute. Therefore, Plaintiff's claim under Section 632 fails and should be dismissed.

### 2. Plaintiff's Call With FIA Was A "Service-Observing" Call, Which Is Exempt From Section 632

Further, any amendment of the FAC to attempt to cure this defect would be futile because Section 632 is not designed to prohibit the type of activity that is alleged to have occurred in this case. The legislative history of the law establishes that it was not designed to impose liability on businesses recording their employees' calls for quality assurance purposes, also known as "service-observing." Plaintiff has not (and cannot) allege that FIA recorded any calls for purposes other than service-observing.

The legislative history of Section 632 confirms that the law was designed to "insure that justifiable and regulated use of devices for overhearing employees' business conversations may continue unimpeded." RJN, Exhibit A (Digest of Senate Amendments to Assembly Bill No. 860). Assemblyman Jesse Unruh, the drafter and author of the statute explained, "[u]nder my bill, ***it would continue to be perfectly legal to monitor business calls, to insure proper service of customers by employees***." RJN, Exhibit B (6/30/67 letter from Unruh to San Francisco Examiner) (emphasis added). Similarly, in a letter to then California Governor Ronald Reagan, Mr. Unruh confirmed that "we have exempted from coverage under the measure normal business telephone monitoring known

as 'service-observing' which is essential in modern business practices to insure employee efficiency." RJN, Exhibit C (7/31/67 Letter from Jesse Unruh to Ronald Reagan).

Indeed, this Court recently confirmed that "the legislative history of Section 632 reflects that it was not intended to prohibit 'service-observing' because the legislature deemed that practice to be in the public's best interest." *Sajfr v. BBG Commc'n, Inc.*, No. 10-CV-2341, 2012 WL 398991, at *6 (S.D. Cal. Jan. 10, 2012). As this Court explained in *Sajfr*, "[C]ase law and legislative history indicate that such 'service-observing' is permissible" under Section 632. *Id.*

Here, Plaintiff does not and cannot allege that the call at issue was for any purpose other than "service-observing" to ensure quality of service and employee efficiency. Accordingly, Plaintiff's cause of action for violation of Penal Code Section 632 should be dismissed with prejudice.

### 3. Plaintiff Fails To State A Claim Under Sections 631 Or 632.6

Plaintiff alleges in one sentence that FIA "record[ed], monitor[ed], or listen[ed]" to Plaintiff's conversations in violation of Penal Code Sections 631(a) and 632.6(a). Plaintiff, however, cannot allege any cause of action under either of these sections. Section 631 governs illegal wiretapping and only applies to interception by a third party, and not a participant to the conversation. *Membrila v. Receivables Performance Management, LLC*, 3:09-CV-02790, 2010 WL 1407274, *2 (S.D. Cal. April 6, 2010) (granting motion to dismiss where defendant recorded conversation between plaintiff and defendant's employee on grounds that "section [631] is only applied to eavesdropping by a third party").

Section 632.6(a) is similarly inapplicable. This section provides that a "person who maliciously and without the consent of all parties to the communication intercepts, receives, or assists in intercepting or receiving a communication transmitted between cordless telephones," or between a cordless telephone and a cellular or landline phone, violates the statute. Cal. Pen. Code § 632.6(a). Plaintiff's claim fails because Plaintiff does not allege any facts to support an allegation that FIA intercepted a wireless communication, or that the communication was between a cordless and another telephone. Moreover, the express intent of the legislature in adding this provision was to provide recourse to those whose wireless communications "have been maliciously invaded by

persons not intended to receive such communication." See Subdiv. (e), Sec. 2, Ch 696, Stats. 1990. Plaintiff here alleges that she called FIA (FAC ¶ 10) and thus cannot allege that FIA "intercepted" a communication it was not entitled to receive.

### C. Plaintiff's Claim For Common Law Invasion Of Privacy Fails For Lack Of A Reasonable Expectation Of Privacy And The Absence Of A Highly Offensive Intrusion

To state a cause of action for invasion of privacy, a plaintiff must plead: "(1) plaintiff had a reasonable expectation of privacy in a certain circumstance, (2) defendant intentionally intruded into that circumstance, (3) defendant's intrusion would be highly offensive to a reasonable person, (4) plaintiff was harmed, and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." *Hurrey-Mayer v. Wells Fargo Home Morg., Inc.*, No. 09-CV-14790, 2009 WL 3647632, *3 (S.D.Cal. Nov. 4, 2009). A plaintiff cannot maintain a cause of action for invasion of privacy where the plaintiff consented to the conduct alleged to have invaded his privacy. *See Berry v. Webloyalty.com, Inc.*, No. 10-CV-1358, 2011 WL 1375665, *10 (S.D. Cal. April 11, 2011).

Here, Plaintiff's invasion of privacy claim fails preliminarily because Plaintiff *initiated* the call at issue. It seems preposterous for a plaintiff to create a privacy cause of action by initiating the alleged intrusive communication.

Additionally, the claim fails because Plaintiff does not allege any facts to plausibly show that FIA intruded into a zone of privacy in a manner that is "highly" offensive. The offensiveness determination requires consideration of all the circumstances of the intrusion, "including the degree of intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." *Miller v. Nat'l Broad. Co.*, 187 Cal.App. 3d 1463, 1483-84 (1986). Without alleging the content or circumstances of the call or what is highly offensive about the alleged intrusion, a plaintiff cannot maintain a cause of action for invasion of privacy. *Castellanos v. JP Morgan Chase & Co.*, No. 09-CV-00969, 2009 WL 1833981, at *10 (S.D. Cal. June 23, 2009) (dismissing cause of action for invasion of privacy and where plaintiff did not allege the content of the allegedly private calls or a highly offensive intrusion); *Montegna*, 2012 WL 3069969 at *3

(dismissing plaintiff's cause of action for common law invasion of privacy where plaintiffs "failed to allege sufficient facts to show that the alleged intrusion would be highly offensive to a reasonable person"). Here, Plaintiff does not allege the nature, content or circumstances of her call with FIA. Accordingly, Plaintiff's cause of action for common law invasion of privacy should be dismissed. *Montegna*, 2012 WL 3069969 at *3.

### D. Plaintiff's Negligence Cause Of Action Fails For Lack Of Duty

"The elements of a cause of action for negligence are: duty; breach of duty; legal cause; and damages." *Friedman v. Merck & Co.*, 107 Cal. App.4th 454, 463 (2003). The threshold question in a negligence action is therefore whether a ***duty*** exists "to use due care toward an interest of another that enjoys legal protection against unintentional invasion." *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 57 (1998). The duty requirement exists so that courts have some mechanism to limit "the otherwise potentially infinite liability which would follow from every negligent act." *Thompson v. County of Alameda*, 27 Cal. 3d 741, 749-50 (1980). Thus, a complaint that lacks facts to show that a duty of care is owed is fatally defective. *Peter W. v. San Francisco Unified School Dist.*, 60 Cal. App. 3d 814, 820 (1976).

In her third cause of action for negligence, Plaintiff simply alleges that "Defendant FIA…has various statutory and common law duties not to engage in the aforementioned wire-tapping, eavesdropping, recording, and listening conduct such that Plaintiff and The Class' rights to privacy were invaded and breached." FAC p. 11, lines 16-19. Plaintiff, however, fails to allege the specific duty of care FIA owed to Plaintiff, much less how FIA breached any duty of care. *See id.* For this reason, Plaintiff's cause of action for negligence should be dismissed. *See Montegna*, 2012 WL 3069969 at *4 (dismissing cause of action for negligence based on the same allegations on the ground that "Plaintiffs have failed to allege ***any facts*** in the First Amended Complaint to show that Defendant owed any duty to Plaintiffs") (emphasis added).

///
///
///

## IV. CONCLUSION

For all of the foregoing reasons, FIA respectfully requests that the Court dismiss Plaintiff's FAC with prejudice as to it.

DATED: September 28, 2012.                REED SMITH LLP


By   /s/ Janet M. Lee
    Abraham J. Colman (SBN 146933)
    Felicia Y. Yu (SBN 193316)
    Amir Shlesinger (SBN 204132)
    Janet M. Lee (SBN 251518)
    Attorneys for Defendant
    FIA Card Services, N.A.