UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE KNELL, *Individually and on Behalf of All Others Similarly Situated*,<br><br>Plaintiffs,<br>v.<br>FIA CARD SERVICES, N.A.,<br>Defendant. | Case No.: 12-cv-0426-AJB (WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 22) |

Before the Court is Defendant's Motion to Dismiss each of the claims in Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). (Doc. No. 22.) Plaintiff Katie Knell ("Plaintiff") brought this putative class action against Defendant FIA Card Services, N.A. ("FIA"), alleging that FIA has a policy and practice of recording and/or monitoring telephone conversations with the public, including California residents. In her First Amended Complaint ("FAC"), Plaintiff has alleged three separate causes of action: (1) invasion of privacy in violation of various provisions within California Penal Code Section 630 *et seq.*; (2) common law invasion of privacy; and (3) negligence. (Doc. No. 11.) The Court found FIA's motion suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1.d.1. (Doc. No. 27.) For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** FIA's Motion to Dismiss.

## ***BACKGROUND***

On or about February 15, 2012, Plaintiff engaged in a telephonic communication with Encore Receivable Management ("ERM"). (FAC, Doc. No. 11, ¶ 10.) A representative at ERM directed Plaintiff to call a toll-free number. (*Id.* at ¶ 7.) Plaintiff later discovered the number belonged to FIA,[1] a federally chartered, national banking association with its corporate headquarters in Delaware. (*Id.* at ¶ 7.)

Plaintiff dialed the toll-free number and reached a representative of FIA. (*Id.* at ¶ 10.) Plaintiff alleges that the call was, without Plaintiff's knowledge or consent, recorded and/or monitored by FIA. (*Id.*) Plaintiff states it was only at the end of the conversation, after confidential matters were discussed and Plaintiff asked if the call was being recorded, that FIA's representative informed Plaintiff that the call was, in fact, being recorded. (*Id.*) Plaintiff alleges her communications with FIA were confidential in nature based upon the financial subject matter. (*Id.* at ¶ 11.)

Plaintiff further alleges that, during the relevant time period, FIA had a policy and a practice of recording and/or monitoring all telephone conversations with consumers, including Plaintiff and other California residents. (*Id.* at ¶¶ 12, 14.) To carry out this policy, Plaintiff alleges that FIA has installed certain wire-tapping, eavesdropping, and listening equipment in its employees' or agents' telephone lines, and uses these devices to overhear, record, and listen to every telephone conversation on the telephone lines without the knowledge or consent of the public, including Plaintiff and other California residents. (*Id.* at ¶ 13, 14.)

Plaintiff brings this putative class action on behalf of herself and all others similarly situated ("The Class"). The Class is defined as: "[a]ll persons in California whose inbound and outbound telephone conversations were monitored, recorded,

---

[1] Defendant ERM moved to dismiss the instant action on May 16, 2012. (Doc. No. 6.) Then, pursuant to Local Rule 7.2 and this Court's June 21, 2012 Order (Doc. No. 10), Plaintiff and Defendant ERM jointly moved to dismiss ERM as a party. (Doc. No. 13.) The parties stipulated that Plaintiff would file a First Amended Complaint containing no claims against ERM. (*Id.* at ¶ 6.) Accordingly, on July 2, 2012, the Court granted the joint motion and dismissed ERM as a party to the instant action without prejudice. (Doc. No. 15.)

eavesdropped upon and/or wiretapped without their consent by FIA, within the four years prior to the filing of the original Complaint." (*Id*. at ¶ 17.) Based upon these allegations, Plaintiff asserts claims for: (1) invasion of privacy in violation of various provisions of California Penal Code Section 630 *et seq*.; (2) common law invasion of privacy; and (3) negligence.

## *LEGAL STANDARD*

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In essence, a motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under Federal Rule of Civil Procedure 8(a), pleadings must contain "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court in *Twombly* and *Iqbal* the factual allegations pled must support facially plausible claims which rise above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (allegations "must be enough to raise a right to relief above the speculative level . . . and a formulaic recitation of the elements of a cause of action will not do."). Further, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

In reviewing the sufficiency of the complaint, the court must accept all allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975

(9th Cir. 2007). In order for a complaint to survive a motion to dismiss, the non-conclusory factual content and reasonable inferences from that content must plausibly suggest a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## *DISCUSSION*

FIA challenges the sufficiency of Plaintiff's FAC on the following grounds: (1) Plaintiff's claims under California Penal Code Sections 631 and 632.6 fail as a matter of law because Plaintiff has not alleged facts implicating these two statutory provisions; (2) Plaintiff's Section 632 claim fails as a matter of law because Plaintiff did not have a reasonable expectation of privacy in her telephone conversations with FIA, and the statute specifically exempts the type of call that took place; (3) Plaintiff's invasion of privacy claim fails as a matter of law because Plaintiff does not allege how FIA's intrusion into her privacy was "highly offensive"; and (4) Plaintiff's negligence claim fails because Plaintiff does not allege FIA owed a duty of care to Plaintiff or that FIA breached its duty of care to Plaintiff. (Doc. No. 22 at 2.) The Court will address each of these contentions in turn.

### *I.     First Cause of Action - Violation of California Penal Code § 630 et seq.*

As noted above, FIA makes several challenges to Plaintiff's claims under California Penal Code Section 630 *et seq.* as alleged in her first cause of action. As an initial matter, FIA contends that Plaintiff fails to allege facts sufficient to state a clam under Sections 631 and 632.6. With regard to Plaintiff's Section 632 claim, FIA makes two arguments: (1) Plaintiff fails to state a cause of action under Section 632 as the FAC does not contain any facts regarding the nature or circumstances of the call; and (2) Plaintiff's call was an exempt "service-observing" call that does not violate Section 632.

**A.     Plaintiff's Sections 631 and 632.6 Claims**

Taking the allegations set forth in the FAC as true, the Court concludes that Plaintiff has failed to state a cause of action under Sections 631 and 632.6. The facts as currently pled do not implicate either of these statutory provisions. First, Section 631(a)

governs illegal wiretapping and only applies to interception by a third party, and not a participant to the conversation. *Membrilia v. Receivables Performance Mgmt., LLC*, 2010 WL 1407274, at *2 (S.D. Cal. Apr. 6, 2010) (granting defendant's motion to dismiss on grounds that "section [631] is only applied to eavesdropping by a third party"). This section does not apply to the facts as alleged because the FAC does not suggest that the call was intercepted by a third party and Plaintiff alleges that FIA was a participant in the conversation. Second, Section 632.6(a) prohibits intercepting or receiving a communication transmitted only between cordless phones, or between a cordless telephone and a cellular or land-line telephone. Plaintiff has not alleged a claim under Section 632.6 because the FAC does not contain any facts suggesting the conversation occurred between a cordless phone and another cordless, cellular, or land-line telephone.[2]

For these reasons, Plaintiff has not sufficiently alleged claims under Sections 631 and 632.6. Accordingly, FIA's motion is **GRANTED** with regard to these claims, and Plaintiff's claims for violations of Sections 631 and 632.6 are **DISMISSED WITHOUT PREJUDICE**.

### B. Plaintiff's Section 632 Claim

FIA first challenges the sufficiency of Plaintiff's Section 632 claim on the grounds that: (1) Plaintiff has not alleged any facts regarding the nature or circumstances of the call. (Doc. No. 22, Ex. 1 at 7-10.) Secondarily, FIA contends that, even if Plaintiff has sufficiently alleged the necessary elements under Section 632, Plaintiff's claim should be dismissed nevertheless insomuch as Plaintiff's call falls within the "service-observing" exemption under Section 632. The Court will first consider whether Plaintiff has properly pled each of the three elements—electronic recording, confidential communication, and consent—necessary to allege a Section 632 violation. The Court will then consider whether the call is exempt under Section 632 as argued by FIA.

---

[2] Notably, Plaintiff did not offer any opposition to FIAs' arguments in favor of dismissing these claims.

### *1. Plaintiff's Section 632 Allegations*

California Penal Code Section 632 is part of California's invasion of privacy statutory scheme. In relevant part, it provides:

> Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine . . . .

Cal. Penal Code § 632(a). Section 632 defines a "confidential communication" as "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto." *Id.* at § 632(c). However, a communication is not confidential in ". . . [any] circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." *Id.*

California Penal Code Section 637.2 authorizes a private civil right of action for any violation of Section 632. In order to succeed, a plaintiff must prove three elements: (1) an electronic recording of (or eavesdropping on); (2) a confidential communication; and (3) all parties did not consent. *See Flanagan v. Flanagan*, 27 Cal. 4th 766, 774-76 (2002).

#### a. **Electronic Recording and Consent**

Turning to the first and third elements required for a successful Section 632 claim—an electronic recording and lack of consent—the Court finds that Plaintiff has sufficiently pled these elements in the FAC. Plaintiff alleges her conversation with FIA was recorded, monitored, and/or eavesdropped upon by FIA without her knowledge or consent. (Doc. No. 11, ¶ 10.) Plaintiff further alleges that it was only at the end of the conversation, when she asked whether the call was being recorded, that FIA's representative admitted that the call was indeed being recorded. (*Id.*) Plaintiff contends that Plaintiff never consented to the recording during the call, nor did FIA inform Plaintiff at the outset of the telephone call that the conversation would be recorded such that Plaintiff

continuing the conversation further would constitute implied consent. Thus, the Court finds Plaintiff has sufficiently pled the first and third elements—an electronic recording made without the consent of all parties to the communication—based upon the factual allegations in the FAC.

### b. Confidential Communication

As to the second element, Section 632(c) defines a "confidential communication" as including "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto," but excluding ". . . [any] circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." *Id.* Accordingly, the Court must determine whether Plaintiff has alleged a reasonable expectation of privacy under the circumstances.

When considering whether a communication is confidential based upon a reasonable expectation of privacy under the circumstances, the Court uses the confidentiality test set forth in *Frio* and adopted by the California Supreme Court in *Flanagan*. *Flanagan*, 27 Cal.4th at 774-76 (adopting the *Frio* definition of "confidential communication") (citing *Frio v. Sup. Ct.*, 203 Cal. App. 3d 1480, 1489 (1988)). In *Flanagan*, the court held that a conversation is confidential under Section 632 "if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded." *Id.* at 776-77; *see also Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 117 n. 7 (2006). Thus, the threshold question here is whether Plaintiff's expectation of privacy was objectively reasonable in light of the surrounding circumstances. *See Flanagan*, 27 Cal. 4th at 766-77; *Faulker v. ADT Sec. Serv., Inc.* Case No. 11-cv-0968, 2011 WL 1812744, at *3 (N.D. Cal. May 12, 2011). Insomuch as this issue is generally a question of fact to be decided by the jury at trial, Plaintiff need only plead sufficient factual allegations such that a jury could find an objectively reasonable expectation of privacy under the circumstances.

///

FIA contends that Plaintiff has not alleged the occurrence of a confidential communication as the FAC does not contain any facts indicating the context and content of her conversation with FIA or suggesting the nature of her relationship with FIA. (Doc. No. 22, Ex. 1 at 9.) As an initial matter, the Court notes Section 632 "protects against intentional, nonconsensual recording of telephone conversations regardless of the content of the conversation." *Flanagan*, 27 Cal. 4th at 776. Moreover, Plaintiff has made allegations regarding the content of her call and her relationship with FIA. The FAC states that Plaintiff's conversation with FIA was confidential in nature as it concerned financial matters. (Doc. No. 11, ¶ 11.) With regard to the relationship between Plaintiff and FIA, Plaintiff alleges that she initiated the telephone communication with FIA at the direction of ERM. (*Id.* at ¶ 10.) Plaintiff further contends that it was only upon subsequent investigation that she discovered the number belonged to FIA. (*Id.*) The facts indicate Plaintiff did not intend to contact FIA specifically, but simply called the toll-free number provided by ERM. These allegations suggests Plaintiff had a limited relationship, if any, with FIA prior to the phone calls at issue.

Additionally, Plaintiff alleges that FIA did not disclose to her that the call would be monitored or recorded. (Doc. No. 11, ¶ 33.) Had FIA advised Plaintiff at the outset of the conversation of its intent to record the call, FIA would avoid liability entirely under Section 632. *See Kearney*, 39 Cal. 4th at 118. However, as alleged by Plaintiff, FIA did not disclose this information. And as noted by the California Supreme Court, California consumers have grown accustomed to this disclosure coming at the outset of their phone calls with business entities. *Id.* at 118 n. 10. As a result, the court considered it plausible that, "in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in [calls with financial brokers]." *Id.* The Court agrees with this assessment. In light of this consideration taken along with Plaintiff's allegations regarding the circumstances of her call to FIA, the Court concludes that Plaintiff has pled

a reasonable expectation that her telephone conversation was private and would not be secretly recorded by FIA.[3] To the extent that Plaintiff has pled a reasonable expectation of privacy with regard to the call, she has thus sufficiently alleged a confidential communication as required under Section 632.

Accordingly, Plaintiff has sufficiently pled all three elements—electronic recording, confidential communication, and consent—required for a Section 632 claim. To the extent that FIA seeks dismissal of Plaintiff's Section 632 claim for failure to state a claim upon which relief may be granted, FIA's request is **DENIED**.

### 2. *FIA's Reliance Upon the Alleged "Service-Observing" Exemption*

Regardless of Plaintiff having alleged the requisite elements, FIA maintains that Section 632 contains an exception that applies to Plaintiff's telephone conversation and exempts FIA from Section 632 liability. (MTD, Doc. No. 22, at 5.) Specifically, FIA argues that Section 632 is not designed to prohibit the type of activity—"service-observing," or monitoring of employees' business telephone calls—that Plaintiff alleges in this case. Significantly, such an exception is an affirmative defense that FIA must prove, not an element of Plaintiff's claim that she must plead. *See United States v. Guzman-Mata*, 579 F.3d 1065, 1073 (9th Cir. 2007) (establishing that "a defendant who relies upon an exception to a statute . . . has the burden of establishing and showing that he comes within the exception."); *see also Abbas v. Dixon*, 480 F.3d 636, 640 (2d. Cir. 2007) (recognizing that the Federal Rules of Civil Procedure "do not compel a litigant to anticipate potential affirmative defense . . . and to affirmatively plead facts in avoidance of such defenses.").

Here, FIA's affirmative defense depends upon the Court finding a "service-observing" exception within Section 632. FIA suggests that this exception may be found within

---

[3] In reaching this conclusion, the Court does not suggest Plaintiff will ultimately prevail on this issue at trial as success may depend upon other considerations, such as: whether the call was initiated by the consumer or whether a corporate employee telephoned a customer; the length of the customer-business relationship; the customer's prior experiences with business communications; and the nature and timing of any recorded disclosures. *See Kight*, 200 Cal. App. 4th at 1396 (deciding these issues on a motion for summary judgment).

the legislative history of the statute. However, the Court finds that FIA's affirmative defense fails because: (1) the Court declines to take judicial notice of Section 632's legislative history when the language of Section 632 is unambiguous; and (2) having declined to construe the legislative history as creating a "service-observing" exception, the Court further finds that there is no "service-observing" exception provided under the language of Section 632.

### a. Judicial Notice of Section 632's Legislative History

FIA seeks judicial notice of three exhibits offered in support of its Motion to Dismiss Plaintiff's First Amended Complaint.[4] (MTD, Doc. Nos. 22-2, 22-3.) FIA alleges the attached exhibits include true and correct copies of relevant portions of the legislative history of California Penal Code Section 632, Assembly Bill No. 860 (1967 Reg. Sess.). (*Id.*) FIA proffers this legislative history as support for its contention that a "service-observing" exemption exists under Section 632. (*Id.*)

Federal courts have held that the legislative history of California statutes is properly a subject of judicial notice.[5] However, California courts have also been reluctant to take judicial notice of legislative history where the statute is clear and unambiguous on its face.[6] Statutory interpretation is fundamental in determining whether

---

[4] As a general rule, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Marder v. Lopez*, 450 F.3d 445 (9th Cir. Cal. 2006) (establishing that "the scope of review on a motion to dismiss . . . is limited to the contents of the complaint"). However, courts may consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

[5] *See Rhodes v. Sutter Health*, 2013 WL 425404, at *2 (E.D. Cal. Feb. 1, 2013); *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); *Chaker v. Crogan*, 428 F.3d 1215, 1223 (9th Cir. 2005); *Louie v. McCormick & Schmick Rest. Corp.*, 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006).

[6] *See, e.g.*, *Budrow v. Dave & Buster's of Cal., Inc.*, 171 Cal. App. 4th 875 (2d Dist. 2009) (declining to notice legislative history where statutory text is clear); *Cal. Sch. Emps. Ass'n v. Colton Joint Unified Sch. Dist.*, 170 Cal. App. 4th 857 (4th Dist. 2009) (taking judicial notice of legislative intent though pronouncing it unnecessary because the statute is clear on its face); *West Hills Farms, Inc. v. RCO AG Credit, Inc.*, 170 Cal. App. 4th 710 (5th Dist. 2009) (no need to resort to legislative history when statute is clear); *Moraga-Orinda Fire Prot. Dist. v. Weir*, 10 Cal. Rptr. 3d 13, 17 n.4 (2004) (legislative history irrelevant when statute not ambiguous); *People v. Connor*, 9 Cal. Rptr. 3d 521, 534 (2004) (letters expressing personal opinion of legislation irrelevant unless shown to have been considered by legislators); *McDowell v. Watson*, 69 Cal. Rptr. 2d 692, 697 n.3 (1997) (in construing statute, court would not take judicial notice of letters to individual legislators or analyses of proposed

to take judicial notice of legislative facts. "The preeminent canon of statutory interpretation requires us to presume that [the] legislature says in a statute what it means and means in a statute what it says there. Thus, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (internal quotation marks omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. Cal. 2009) (citing *McDonald v. Sun Oil Co.*, 548 F.3d 774, 780 (9th Cir. 2008) ("In construing the provisions of a statute, we first look to the language of the statute to determine whether it has a plain meaning.").

Here, FIA does not argue that the statutory text is ambiguous in any manner, but rather asks that the Court read into Section 632 a "service-observing" exception based upon the statute's legislative history. On its face, Section 632 is unambiguous regarding the need for consent from all parties to a confidential communication. In fact, various courts have found the statutory language of Section 632 to be clear and unambiguous. *Zephyr v. Saxon Mortg. Servs.*, 2012 U.S. Dist. LEXIS 78091, *22 (E.D. Cal. June 4, 2012) (providing that "both 632 and 632.7 are unambiguous and broad in the scope of their protection: together they prohibit '[e]very person' from recording any confidential communication, including telephone calls."); *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377, 1391 (4th Dist. 2011) (clarifying that section 632 "contains no exceptions applicable when a business monitors a telephone conversation even if the monitoring is for a legitimate business purpose"). Thus, the clear and unambiguous language of Section 632 obviates the need to resort to its legislative history, and FIA's request for judicial notice is hereby **DENIED**.

### b. "Service-Observing" Exemption Under Section 632

Reviewing the plain language of the statute, there is not a "service-observing" exception under Section 632. The Court has not found any statutory language that would exempt FIA from Section 632 liability based upon the facts as alleged by Plaintiff.

---

statute by executive agencies as these are not part of the legislative history); *Souza v. Lauppe*, 69 Cal. Rptr. 2d 494, 499 (1997) (refusing to take judicial notice of legislative history when statute is not ambiguous).

Moreover, other California courts have rejected the proposition that "service-observing" is exempt from Section 632 liability. *See Kight*, 200 Cal. App. 4th at 1395; *see also Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 118 n.10 (2006). As noted above, FIA's reliance upon the legislative history is misplaced as the statutory language is clear and unambiguous. Accordingly, the Court declines to create an exception based on legislative history that is not provided in the statute itself.

This is not to say that there are no exceptions created by Section 632. The statute does, in fact, provide an exception for administrative monitoring involving a public telephone utility using equipment licensed and regulated by the California Public Utilities Commission ("PUC") in Section 632(e). The PUC itself has defined "monitoring" as "the use of monitoring equipment to allow a third person to overhear the telephone conversation of two or more persons." *Re Monitoring of Telephone Conversations*, 11 C.P.U.C. 2d 692 (1983). Specifically, the PUC excluded "administrative monitoring" from its regulations only when these functions are "performed by *telephone utilities*." *Id.* (emphasis added). However, this exception is inapplicable under the circumstances. Section 632(e) does not exempt FIA from Section 632 liability insomuch as FIA is a federally chartered, national banking association rather than a public telephone utility covered by the exception.[7]

For these reasons, the Court concludes that FIA is not exempt from Section 632 liability regarding its phone calls with Plaintiff. Section 632 does not create a "service-observing" exemption in its unambiguous provisions and, thus, the Court declines to create one based upon the statute's legislative history. As set forth above, the sole exemption created by Section 632(e) is inapplicable here. As a result, FIA's phone call

---

[7] Moreover, the PUC itself clarified that, even where a telephone utility is involved, notice must be given that the communication is being monitored, recorded, or intercepted. *Pacific Tel. & Tel. Co.*, 83 C.P.U.C. 149 (1977) (holding that even supervisory monitoring between a customer and a telephone company employee, without adequate notice that monitoring could take place, violated federal and state constitutional guarantees).

with Plaintiff is subject to Section 632's provisions and FIA's affirmative defense based upon the alleged "service-observing" exemption fails as a matter of law.

### 3. Conclusion

In sum, the Court finds Plaintiff has sufficiently pled a Section 632 claim as necessary to defeat FIA's motion to dismiss. FIA has not established a "service-observing" exception such that it would be exempt from Section 632 liability. Accordingly, FIA's motion to dismiss Plaintiff's Section 632 claim in the FAC's first cause of action is **DENIED**.

## II. Second Cause of Action - Common Law Invasion of Privacy

FIA challenges the sufficiency of Plaintiff's common law invasion of privacy claim in her second cause of action on the grounds that Plaintiff lacked a reasonable expectation of privacy and FIA's intrusion was not highly offensive.

"The elements of a claim for invasion of privacy are: (1) plaintiff had a reasonable expectation of privacy in a certain circumstance; (2) defendant intentionally intruded into that circumstance; (3) defendant's intrusion would be highly offensive to a reasonable person; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." *Hurrey-Mayer v. Wells Fargo Home Mortg., Inc.*, 2009 WL 3647632, at *3 (S.D. Cal. Nov. 4, 2009) (citing Judicial Council of California Jury Instruction 1800). A defendant is liable under common law invasion of privacy when it penetrates a zone of sensory privacy surrounding the plaintiff. *See Shulman v. Group W Prods., Inc.*, 18 Cal. 4th 200, 232 (Cal. 1998).

First, as stated above, Plaintiff has pled sufficient facts to suggest an objectively reasonable expectation of privacy in her telephone call with FIA, as she was not informed at the outset that the call would be recorded and the call related to confidential financial matters. Second, Plaintiff alleges FIA intentionally intruded when it allowed the unauthorized eavesdropping, wiretapping, recording, and listening of the telephone calls with Plaintiff and members of The Class. (Doc. No. 11, ¶ 38.) Third, Plaintiff alleges that the intrusion was offensive and objectionable because FIA intruded "into a place or

thing which was private and which is entitled to be private, in that Plaintiff and The Class' personal conversation and information provided to FIA were made privately, were not intended to be recorded, and were intended to be kept confidential and protected from unauthorized disclosure." (*Id.* at ¶ 39-40.)  Under the circumstances, FIA's intrusion into Plaintiff and The Class' personal conversations can be considered "highly offensive" because personal financial information was disclosed, provided from the privacy of the home, and obtained as a result of FIA's intentional, secret recording of the telephone call. *See Miller v. Nat'l Broad. Co.*, 187 Cal. App. 3d 1463, 1483-84 (Cal. Ct. App. 1986) ("A court determining the existence of 'offensiveness' would consider the degree of intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded.").

As to the fourth and fifth elements—harm and proximate cause—Plaintiff alleges that as a proximate result of FIA's conduct, Plaintiff and The Class' personal conversation and information provided to FIA were distributed and used by persons without prior written authorization, and Plaintiff and The Class suffered general damages in an amount to be determined at trial according to proof. (Doc. No. 11, ¶ 41.)  Further, Plaintiff alleges that FIA's wrongful conduct will continue to cause Plaintiff and The Class great and irreparable injury in that the personal information maintained by FIA can be distributed and used by unauthorized persons.  (*Id.* at ¶ 43.)

Accordingly, the Court finds Plaintiff has sufficiently pled the elements of a common law invasion of privacy action in order to survive FIA's motion to dismiss for failure to state a claim on which relief may be granted.  As such, FIA's Motion to Dismiss is **DENIED** with respect to Plaintiff's common law invasion of privacy claim in her second cause of action

### III. *Third Cause of Action - Negligence*

Lastly, FIA challenges the sufficiency of Plaintiff's negligence claim as pled in her third cause of action.  To properly plead a cause of action for negligence, a plaintiff must

show the defendant: (1) owed a legal duty to the plaintiff; (2) it breached that duty; (3) the breach was the proximate or legal cause of their injuries; and (4) damages. *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 463 (2003); *Mendoza v. City of L.A.*, 66 Cal. App. 4th 1333, 1339 (1998).

In its Motion to Dismiss, FIA challenged whether Plaintiff sufficiently pled the threshold elements of duty and breach required for a successful negligence claim. (Doc. No. 22, at 12.) Since Plaintiff has alleged a statutory violation of Section 632, the Court evaluates the duty and breach elements of Plaintiff's negligence claim under a negligence per se analysis. Negligence per se is "a presumption of negligence [that] arises from the violation of a statute which was enacted to protect a class of persons of which the plaintiff is a member against the type of harm which the plaintiff suffered as a result of the violation of the statute." *People of Ca. v. Kinder Morgan Energy Partners, L.P.*, 569 F. Supp. 2d 1073, 1087 (S.D. Cal. 2008) (clarifying that negligence per se is simply a codified evidentiary doctrine that does not establish tort liability under an independent cause of action); *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925, 80 Cal. Rptr. 2d 811 (1998) (recognizing that the presumption arising from violation of a statute was codified with the adoption of California Evidence Code Section 669).[8] In other words, statutes may be borrowed in the negligence context to establish a duty of care or a particular standard of care. *Ca. Serv. Station etc. Assn. v. American Home Assurance Co.*, 62 Cal. App. 4th 1166, 1177-79 (1998); *see Vesely v. Sager*, 5 Cal. 3d 153, 157, 166-

---

[8] California Evidence Code Section 669(a) provides that a presumption of failure to exercise due care exists if:

> (1) Defendant violated a statute, ordinance, or regulation of a public entity; (2) the violation proximately caused death or injury to person or property; (3) the death or injury resulted from an occurrence of the nature which the statute, ordinance or regulation was designed to prevent; and (4) the person suffering the death or injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

The first two elements are normally questions for the trier of fact, and the last two are determined by the trial court as a matter of law. *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1285 (2006) (citing *Galvez v. Frields*, 88 Cal. App. 1410, 1420 (2001)).

67 (1971) (borrowing duty of care); *Satterlee v. Orange Glenn Sch. Dist.*, 29 Cal. 2d 581, 592 (1947) (borrowing standard of care).

Here, Section 632 establishes the standard of care owed by FIA to Plaintiff and The Class—to not unlawfully intrude on the privacy of California citizens—and FIA's alleged violation of Section 632—the secret recording confidential communications without the consent of all parties—constitutes a breach of that duty. Plaintiff asserts FIA violated Section 632 by recording her conversations with FIA without her consent, and incorporated these allegations by reference in her negligence cause of action. (FAC, Doc. No. 11, at 11.) Further, Plaintiff alleges that as a result of FIA's conduct, Plaintiff and The Class' were injured as a result of the misappropriation of personal conversations and information provided to FIA by persons without prior written authorization. (Doc. No. 11, ¶ 41.) FIA's nonconsensual recording of conversations with Plaintiff and The Class, coupled with the misappropriation of personal financial and identifying information, is exactly the type of harm resulting from overly intrusive business practices California's invasion of privacy statute was designed to prevent. Lastly, Plaintiff and The Class constitute the class of persons—namely, individuals engaging in confidential communications to which they reasonably expect access is exclusive to the participants of the conversations—that Section 632 was designed to protect.

Accordingly, Plaintiff has sufficiently alleged FIA's duty and breach of that duty by incorporating her Section 632 allegations into her negligence claim. As such, FIA's Motion to Dismiss Plaintiff's negligence claim as alleged in her third cause of action is **DENIED**.

## *CONCLUSION*

For the foregoing reasons, FIA's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court **ORDERS** as follows:

1. FIA's Motion to Dismiss the First Amended Complaint is **GRANTED** with respect to the claims alleged under California Penal Code Sections 631 and 632.6;

2. Accordingly, Plaintiff's sections 631 and 632.6 claims are **DISMISSED WITHOUT PREJUDICE**;
3. FIA's Motion to Dismiss is **DENIED** as to all other claims; and
4. Plaintiff may file a motion for leave to file a second amended complaint, accompanied by the proposed second amended complaint, within thirty days from the date of this order pursuant to Federal Rules of Civil Procedure 12(a)(4).

**IT IS SO ORDERED.**

DATED: February 21, 2013

*/s/ Battaglia*

**Hon. Anthony J. Battaglia**
**U.S. District Judge**