UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE KNELL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　　　Plaintiff,<br>v.<br>FIA CARD SERVICES, N.A., et al.,<br>　　　　　　　Defendants. | Case No. 12cv426 AJB (WVG)<br><br>FINAL ORDER APPROVING CLASS ACTION SETTLEMENT<br><br>[Doc. No. 73] |

　　　On May 1, 2013, after active litigation, extensive arm's-length negotiations, a mediation session before the Honorable Edward A. Infante (Ret.), and settlement discussions, Plaintiffs and Defendants (herein jointly referred to as the "Parties") entered into a Settlement Agreement and Release (hereinafter referred to as the "Settlement Agreement" or "Settlement") on behalf of a proposed class, which is subject to review under Fed. R. Civ. P. 23.

　　　The Settlement purported to resolve all claims asserted in Katie Knell, et al. v. Encore Receivable Mgmt., Inc., et al., Case No. 3:12-cv-00426-AJB-WVG and Abdullah Byanooni v. Bank of America Corporation et al., Case No. 3:13-cv-01653-AJB-WVG,

which this Court consolidated on August 14, 2013.  (The Byanooni and Knell actions are collectively referred to herein as the "Actions.")

On December 11, 2013, the Parties filed the Settlement Agreement along with the Joint Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, on December 20, 2013, Defendants served written notice of the proposed class action settlement along with all other required documents upon the appropriate State official of each State in which a Class Member resides and the appropriate Federal official pursuant to 28 U.S.C. § 1715.

On January 23, 2014, upon consideration of the Settlement Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").  Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the lawsuits; (ii) preliminarily approved the proposed settlement; (iv) appointed Plaintiffs Katie Knell and Abdullah Byanooni as the Class Representatives; (v) appointed Hyde & Swigart, Kazerouni Law Group, APC, and Orshansky & Yeremian LLP as Class Counsel; and (vi) set the date and time of the Final Approval Hearing.

On June 13, 2014, Class Counsel timely filed their motion for attorneys' fees, costs, and incentive awards.

On July 18, 2014, the Parties filed their Joint Motion for Final Approval of Class Action Settlement Agreement (hereinafter referred to as the "Final Approval Motion").  Pursuant to their Final Approval Motion, the Parties request final certification of the settlement class under Fed. R. Civ. P. 23(b)(2) and (b)(3) and final approval of the proposed class action settlement.

On August 15, 2014, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.  The Court has read and considered the Settlement Agreement, Final Approval Motion and the record.  All undefined capitalized terms used herein have the meanings defined herein and/or in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. JURISDICTION:  The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. CLASS MEMBERS:  Pursuant to Fed. R.Civ. P. 23(b)(2) and (b)(3), this matter is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class (also referred to as "Settlement Class"):

> All persons who, on or after February 16, 2011, through the date of preliminary approval, made a telephone call to or received a telephone call from FIA while within the State of California that was recorded and/or monitored.

(Members of the Class are referred to as "Class Members.")

3. CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT: Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiffs Katie Knell and Abdullah Byanooni as the Class Representatives and Hyde & Swigart, the Kazerouni Law Group, APC, and Orshansky & Yeremian LLP as Class Counsel.

4. NOTICE AND CLAIMS PROCESS:  Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court.   The form and method for notifying the Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable

under the circumstances.  The Court finds that the notice process was clearly designed to advise the Class Members of their rights.  Further, the Court finds that the claim process set forth in the Settlement Agreement was followed and that the process was the best practicable procedure under the circumstances.

5. FINAL CLASS CERTIFICATION:  The Court again finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    (a) The Class Members are so numerous that joinder of all of them in one lawsuit would be impracticable;

    (b) There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    (c) The claims of Plaintiffs are typical of the claims of the Class Members;

    (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all the Class Members; and

    (e) Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. SETTLEMENT TERMS:  The Settlement Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed Settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The material terms of the Agreement include, but are not limited to, the following:

    (a) Defendants will pay a non-reversionary "all in" cash sum in the total amount of $2,750,000.00 (the "Settlement Fund").

    (b) Class Members who submitted a valid claim form will receive a pro-rata share of the Settlement Fund.

(c) Plaintiffs Katie Knell and Abdullah Byanooni (the "Named Plaintiffs") will apply to the Court for an incentive award of up to $5,000.00 each for their service as the class representatives in the Actions. The incentive awards approved by the Court will be paid by the Claims Administrator to the Named Plaintiffs from the Settlement Fund in the form of a check.

(d) Class Counsel shall move the Court for an award of reasonable attorneys' fees and costs, not to exceed $687,500.00 for fees, plus litigation costs not to exceed $25,000.00, incurred in connection with the Actions. Defendants shall not object to or oppose such a motion so long as the amount requested by Class Counsel is not more than $687,500.00 for attorneys' fees and not more than $25,000.00 for litigation costs.

7. EXCLUSIONS AND OBJECTIONS: Zero exclusions were received. Those persons requesting exclusion are named on Exhibit A to this Order. The Court hereby excludes these individuals from the Settlement Class.

8. The Class Members were given an opportunity to object to the settlement. Zero Class Members filed objections. After consideration of each of the objections, the Court hereby overrules such objections.

9. This Order is binding on all Class Members, except those individuals named on Exhibit A, who validly and timely excluded themselves from the Class.

10. RELEASE OF CLAIMS AND DISMISSAL OF LAWSUITS: The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

11. The Actions are hereby dismissed with prejudice in all respects.

12. This Order is not, and shall not be construed as, an admission by Defendants.

13. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Actions and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

DATED: August 15, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge